# Yohn v. Comm. Pennsylvania Department of Highways

334

*Fred T. Cadmus, 3rd,* for plaintiffs.
*Sydney H. Weiss,* for defendant.

KURTZ, J., July 20, 1967.—In this condemnation case, in which the Commonwealth condemned a portion of plaintiffs' property prior to the adoption of the Eminent Domain Code, the Act of June 22, 1964, P. L. 84, 26 PS §1-101, for the construction of a limited access highway, the trial judge charged the jury, inter alia, as follows:

"You will take into account also, we think, the fact that heretofore the Yohn driveway went right out onto 202, and Mr. and Mrs. Yohn leaving their property intending to go to the west or east, would drive to the end of the drive and turn whichever direction they wanted to go. Now, it is testified, their route to get onto that highway will take them out the drive to the east on Anthony Wayne Drive to Valley Forge Road, then south on Valley Forge Road to 202, and if they are going west they will have to drive, retrace that distance back on 202 toward Paoli, and it has been testified that this is an additional distance of about three-quarters of a mile. So you may want to take that into account in determining what the value of this property after the condemnation was".

At the trial, the Commonwealth's counsel objected to the introduction of the testimony upon which that portion of the charge was based. Before the jury retired, and when the opportunity was afforded, he put an exception upon the record as follows:

"I want to get on the record an exception to the part of the charge in which the question of circuity of the route going to the property was raised, the three-quarters of a mile problem".

Now that an award of damages has been made, the Commonwealth asserts that the introduction of testimony upon which that portion of the trial judge's charge was based and that part of the charge itself were erroneous, and for those reasons seeks a new trial. We believe that its complaint in this regard is not a valid one.

The Commonwealth bases its position upon the case of Wolf v. Department of Highways, 422 Pa. 34 (1966). In that case, Wolf, the owner of property used as a gasoline service station, had a portion of that property condemned by the Commonwealth, and in the trial of the condemnation case was permitted to show that the Commonwealth had placed dividers upon the new highway, although they were located upon the "right-of-way" of the Commonwealth and not upon any portion of Wolf's land actually taken, and this was permitted for the purpose of showing that traffic could no longer enter the service station as it had prior to the installation of the dividers, and that, as a consequence, business was lost; hence, the value of the property after the condemnation was affected. The Supreme Court held that the introduction of such testimony was error, pointing out that the installation of the dividers and any loss which flowed from that installation was the result of the exercise of the State's police power in its regulation of the traffic flow upon the highway and not the product of the condemnation itself.

In our view, the present case presents a completely different picture. Indeed, in the case upon which the Commonwealth relies, it was pointed out (pages 39-40):

". . . (a) the right of access to and from a public highway is a property right of which the owner of property abutting the highway cannot be deprived without just compensation. In Breinig v. Allegheny County, 332 Pa. 474, 2 A. 2d 842, we said: 'Where land is taken or purchased for highways, the abutting owner retains, as an incident to ownership of the remainder of his land, the right of access, or of ingress and egress. This right cannot be taken from him unless compensation is made therefor under the law. It is a property right, protected by the Constitution' (at p. 480). Such right of access does not entitle the abutting owner to access at *all* points along the highway; it does entitle him to access, by reasonable and convenient means, to his property from the highway and from his property to the highway. See: McCrady Case, 399 Pa. 586, 160 A. 2d 715; Laubach & Sons v. Easton, 347 Pa. 542, 545, 32 A. 2d 881; McCargo v. Evanson, 188 Pa. Superior Ct. 465, 473, 149 A. 2d 588".

In McCrady Case, cited in the above quotation, the Commonwealth condemned a small portion of the land owner's property which he used as a gasoline service station and restaurant, and in the construction of the new highway installed a high curbing within the limits of the old right-of-way which greatly impeded access to and from the property. In this situation, the allowance of damages for the reduction of value resulting from the installation of the curbing was permitted, the court pointing out that ". . . the injury to, and the deprivation of, the use of appellee's property followed the taking by the Commonwealth . . .": page 393.

In the instant case, the landowners suffered a distinct loss resulting from the condemnation, in that before the taking they had ready access from their property, which was occupied as a residence and used for agriculture and dairying purposes, to a main traf-

fic artery, whereas after the taking, they could no longer gain direct access to that highway, but were required to travel a considerably longer distance over secondary roads, portions of which were constructed for that purpose, in order to make use of that highway. Although it is true that their property has not been "sealed off" from the outside world in that there is still a means of access to the highway available to them, the value of the property has been directly reduced as the result of the taking, because the point of access to the highway is included within the limits of the taking. The reduction in value cannot be attributed to the enforcement of police power regulations having to do with traffic control.

In this connection, it should be pointed out that not only has this condemnation been made for the construction of a limited access highway, but also that the grade of the road has been elevated, thereby rendering it impossible, or at best, most difficult for the landowners to enter upon the highway at grade as they could theretofore. The obstruction which interferes with access is the bank or fill upon which the highway itself has been built, and this has been installed upon land formerly owned by the claimants but condemned by the Commonwealth for that purpose. Should the regulation making this road one of limited access be rescinded at some time in the future, claimants would still be deprived of that right of access which they had theretofore enjoyed. These facts clearly distinguish this case from the one upon which the Commonwealth relies. We, therefore, conclude that no error was committed.

Since this is the only facet of the case which the Commonwealth has called into question, its motion for a new trial must be denied. It is so ordered. President Judge Gawthrop took no part in the consideration or decision of this case.